UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON HAMILTON,<br><br>                                    Plaintiff,<br><br>v.<br><br>CLAIM JUMPER ACQUISITIONS, LLC,<br><br>                                    Defendant. | Case No.:  22-cv-344-CAB-MSB<br><br>**ORDER:**<br>**1) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii);**<br><br>**AND**<br><br>**2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2] and MOTION TO APPOINT COUNSEL [Doc. No. 3] AS MOOT.** |

Plaintiff Aaron Hamilton filed this civil action against Claim Jumper Acquisitions, LLC on March 14, 2022.  [Doc. No. 1.]  Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] and a Motion to Appoint Counsel [Doc. No. 3].

**I.      Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served"). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Complaints must also comply with Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and that each allegation "be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). In addition to the grounds for *sua sponte* dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").

Here, Plaintiff alleges that he was subjected to "harrasment [sic], discrimination that lead to hostile work environment which lead to injuries and theft" while presumably working at a Claim Jumper restaurant (although not explicitly stated in the complaint). [Doc. No. 1 at 2.] Plaintiff claims that he was "paid the least and denied opportunity of management and injured from harrasment [sic] and poor management practices." [*Id.*] Plaintiff also states that managers gave the "'lion share' better higher pay sections and table to white or Mexican employee while having me stock and prepare them for large partys

[sic]."  [*Id.*]  Finally, Plaintiff claims that he "constantly told management that I was injured and need accommodation while treating for an injury," but "it was ignored."  [*Id.*]

Plaintiff's complaint fails to comply with Rule 8 and fails to state a claim upon which relief can be granted.  It is unclear from the complaint what laws or rights Plaintiff claims were violated or infringed by Defendant.  Although Plaintiff alleges that he was subjected to discrimination, he does not state on what basis he was discriminated against or in violation of what law.  Similarly, Plaintiff alleges that he was injured and denied accommodation, but does not explain what his injury was, what accommodation he sought, and why or how Defendant denied that accommodation.  Moreover, without asserting the relevant law under which he brings his claim, Plaintiff does not state a basis for federal question jurisdiction to bring his claims before this Court.  The complaint is therefore frivolous and fails to state a claim upon which relief can be granted.

Accordingly, even if Plaintiff is entitled to proceed IFP, the complaint must be dismissed.  *See Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) . . . requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").  However, the complaint is dismissed without prejudice, subject to refiling an amended complaint resolving the issues discussed above.

## II.   Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The complaint is **DISMISSED** without prejudice, subject to refiling;

2. Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED AS MOOT**;

3. Plaintiff's Request for Appointment of Counsel [Doc. No. 3] is **DENIED AS MOOT**.

It is **SO ORDERED**.

Dated:  March 25, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge